# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>AUDREY KING, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:15-cv-00543-SKO (PC)<br><br>ORDER (1) DISMISSING HOT MEAL CLAIM, WITH PREJUDICE, (2) FINDING FOOD DEPRIVATION SUPPORTS DUE PROCESS CLAIM, AND (3) DISMISSING COMPLAINT WITH LEAVE TO AMEND TO CURE LINKAGE DEFICIENCY<br><br>(Doc. 1)<br><br>THIRTY-DAY DEADLINE |

### Screening Order

**I.  Screening Requirement and Standard**

Plaintiff Corey Williams ("Plaintiff"), a civil detainee proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 9, 2015. The Court is required to screen Plaintiff's complaint and dismiss the case, in whole or in part, if the Court determines it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and

courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121-23 (9th Cir. 2012); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.   Discussion**

**A.   Summary of Complaint**

Plaintiff is a civil detainee at Coalinga State Hospital ("CSH") in Coalinga, California. He brings this suit against CSH Executive Director Audrey King, twenty-one additional named defendants, and Does 1 through 50 for violating his constitutional rights with respect to his conditions of confinement at CSH. Plaintiff's claims arise from two policies implemented at CSH. The first policy, which was initially implemented in November 3, 2013, requires detainees to present their ID card to receive a hot meal. If they fail to do so, they receive a cold sack meal. Plaintiff alleges that he has a constitutional right to a hot meal and it is a violation of his rights to require him to present his ID card to receive a hot meal.

The second policy, which was implemented on March 5, 2015, requires diabetic detainees such as Plaintiff to submit to blood glucose level testing prior to being fed, and the failure to submit to the testing leads to the denial of food. Plaintiff alleges that when he stated he has the right to refuse medical treatment, he was told that he would not receive a hot meal or a cold sack meal.

///

### B.  Denial of Hot Meals

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Crowley v. Nevada ex rel. Nevada Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012) (citing *Graham v. Connor*, 490 U.S. 386, 393-94, 109 S.Ct. 1865 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

Plaintiff, as a civil detainee, is entitled to treatment more considerate than that afforded pretrial detainees or convicted criminals, *Jones v. Blanas*, 393 F.3d 918, 931-32 (9th Cir. 2004), and his right to constitutionally adequate conditions of confinement is protected by the substantive component of the Due Process Clause, *Youngberg v. Romeo*, 457 U.S. 307, 315, 102 S.Ct. 2452 (1982). However, civil detainees are not free persons with "full civil rights," *Seaton v. Mayberg*, 610 F.3d 530, 535 (9th Cir. 2010), and it is well-established that effective institutional management is a legitimate, non-punitive governmental interest, *Jones*, 393 F.3d at 932.

Turning to Plaintiff's first claim, the assertion that "the State has an absolute obligation to provide at least three hot meals per day to [him]" is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827 (1989) (quotation marks omitted); *Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996). (Doc. 1, Comp., p. 2.) "Food is one of life's basic necessities," and the government is obligated to provide those in its custody "with adequate sustenance on a daily basis." *Foster v. Runnels*, 554 F.3d 807, 813-14 (9th Cir. 2009). However, the Constitution does not mandate that the government provide hot meals. *See Foster*, 554 F.3d at 813 n.2; *Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996); *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1994); *Stewart v. Block*, 938 F.Supp. 582, 588 (C.D.Cal. 1996). The provision of a cold sack meal in lieu of a hot meal is not

unconstitutional punishment in violation of substantive due process because the distinction between hot and cold food is simply not of constitutional magnitude. *See Foster*, 554 F.3d at 813 n.2; *Keenan*, 83 F.3d at 1091; *LeMaire*, 12 F.3d at 1456; *Stewart*, 938 F.Supp. at 588. Nor does it violate the procedural component of the Due Process Clause," *Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005), or the Equal Protection Clause, *Hartmann v. California Dep't of Corrs. & Rehab.*, 707 F.3d 1114, 1123 (9Cir. 2013); *Lee v. City of Los Angeles*, 250 F.3d 668, 686-87 (9th Cir. 2001). The deficiencies in this claim are not capable of being cured through amendment and it shall be dismissed, as frivolous and for failure to state a claim.

### C. **Deprivation of Meals**

Plaintiff's second claim arises from the deprivation of meals due to his refusal to submit to blood glucose level testing. The food provided to those in government custody need not be tasty or aesthetically pleasing but it must be adequate to maintain health. *LeMaire*, 12 F.3d at 1456. Plaintiff provides a detailed list of the 119 incidents in which he was not provided with a hot meal. (Comp., Ex. D.) Of those dates, only February 6, 2015, and February 14, 2015, bear the note "no sack provided." (*Id.*) Plaintiff attests in his declaration that he received no meal on the evening of November 3, 201[4],[1] and that he was not fed any meals by the state from the evening meal of March 5, 2015, until breakfast on March 11, 2015. (*Id.*, pp. 30-31.) This allegation is sufficient, at the pleading stage, to support a claim for relief under section 1983 for violation of the Due Process Clause.[2] *See Foster*, 554 F.3d at 812-13 (denial of 16 meals in 23 days is a sufficiently serious deprivation within the meaning of the Eighth Amendment); *Jones*, 393 F.3d at 931-32 (civil detainees entitled to more considerate treatment than convicted criminals). However, Plaintiff is required to allege a causal connection between the deprivation at issue and the actions or omissions of individual defendants, and his complaint does not establish the requisite link

---

[1] In several places, Plaintiff identifies the year of events as 2015. In as much as Plaintiff filed suit in early April 2015, the allegation of events occurring later in 2015 must be attributed to drafting error.

[2] In his complaint, Plaintiff also refers to the Equal Protection Clause, which requires that persons who are similarly situated be treated alike, but there are no allegations supporting the existence of a viable equal protection claim. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); *Hartmann v. California Dep't of Corrs. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013); *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001).

between the total denial of food on those dates and the knowledge or participation of individual defendants. *Lemire*, 726 F.3d at 1074-75; *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); *Starr*, 652 F.3d at 1205-08. Plaintiff will be granted leave to amend to cure this linkage deficiency.

### III.  Conclusion and Order

Plaintiff's claim that he is constitutionally entitled to a hot meal fails as a matter of law and will be dismissed, with prejudice. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). In contrast, Plaintiff's allegation that he was totally deprived of food supports a cognizable claim. However, Plaintiff fails to link the deprivation complained of to specific actions or omissions attributable to individual defendants, and he will be granted leave to amend to cure that deficiency.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's federal rights and liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*, *Iqbal*, 556 U.S. at 676-77; *Starr*, 652 F.3d at 1205-07. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted). Finally, an amended complaint supercedes the original complaint, *Lacey*, 693 F.3d at 907 n.1, and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1.  Plaintiff's claim arising from the denial of hot meals is dismissed, with prejudice, as frivolous and for failure to state a claim;
2.  Plaintiff's due process claim arising from the deprivation of meals is dismissed, with leave to amend, for failure to state a claim based on linkage deficiency;
3.  The Clerk's Office shall send Plaintiff a civil rights complaint form;
4.  Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

//

     5.     If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.[3]

IT IS SO ORDERED.

Dated: **December 24, 2015**                    **/s/ Sheila K. Oberto**
                                                    UNITED STATES MAGISTRATE JUDGE

---

[3] A causal connection is required to state a claim under section 1983 and notwithstanding the fact that food deprivation suffices to support a claim for violation of the Constitution, Plaintiff fails to state a claim upon which relief may be granted under section 1983 in the absence of the requisite causal connection.