UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>AUDREY KING, et al.,<br><br>    Defendants.<br>_____/ | **Case No. 1:15-cv-00543-SKO (PC)**<br><br>**ORDER FINDING DUE PROCESS AND EIGHTH AMENDMENT CLAIMS COGNIZABLE AGAINST DEFENDANTS YOUNG, PEREZ, & DeLEON**<br><br>**ORDER DISMISSING DEFENDANTS KING AND PRICE AND EQUAL PROTECTION CLAIMS WITH PREJUDICE**<br><br>**(Doc. 12)** |

**INTRODUCTION**

**A.  Background**

Plaintiff, Corey Williams, a civil detainee proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 9, 2015. Plaintiff's Original Complaint was screened and dismissed with leave to file a first amended complaint curing identified linkage deficiencies.[1]

On February 1, 2016, Plaintiff filed the First Amended Complaint that is presently before the Court for screening. For the reasons discussed below, the Court finds that Plaintiff states a cognizable claim under the Due Process Clause and Eighth Amendment against Defendants Young, Perez, and DeLeon upon which he may proceed.[2] Plaintiff, however, fails to state any

---

[1] Plaintiff's claim based on not receiving hot meals was dismissed with prejudice as not cognizable.
[2] Plaintiff will receive instructions for service on these Defendants via a concurrently issued order.

claims under the Equal Protection Clause and fails to link Defendants King and Price to any of his factual allegations which are DISMISSED with prejudice.

### B.    Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

### C.    Pleading Requirements

#### 1.    Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. Pro. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555.  Factual allegations are accepted as true, but legal conclusions are not. *Iqbal.* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of *pro se* prisoners are still construed liberally

and are afforded the benefit of any doubt.  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

Further, "repeated and knowing violations of Federal Rule of Civil Procedure 8(a)'s 'short and plain statement' requirement are strikes as 'fail[ures] to state a claim,' 28 U.S.C. § 1915(g), when the opportunity to correct the pleadings has been afforded and there has been no modification within a reasonable time."  *Knapp v. Hogan*, 738 F.3d 1106, 1108-09 (9th Cir. 2013).

### 2. Linkage and Causation

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred."  *Crowley v. Nevada ex rel. Nevada Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012) (citing *Graham v. Connor*, 490 U.S. 386, 393-94, 109 S.Ct. 1865 (1989)) (internal quotation marks omitted).  To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights.  *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

Plaintiff's allegations must demonstrate that each defendant personally participated in the deprivation of his rights.  *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the

3

presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. However, prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Hebbe*, 627 F.3d at 342.

## DISCUSSION

### A. Plaintiff's Allegations

Plaintiff is a civil detainee at Coalinga State Hospital ("CSH") in Coalinga, California. He brings this suit against CSH Executive Director Audrey King, CSH Hospital Administrator Brandon Price, Psyche Techs Christopher DeLeon and Wendy Perez, Senior Psych Tech Ian Young, and Does 1 through 10 for violation of his constitutional rights with regard to his conditions of confinement at CSH. Plaintiff's claims arise from a policy, implemented on March 5, 2015, that required diabetic detainees such as Plaintiff to submit to blood glucose level testing before being fed. If a detainee failed to submit to the testing, he was denied the meal that was being served. Plaintiff alleges he was denied food when he stated he has the right to refuse medical treatment.

### B. Denial of Meals

Plaintiff's claims arise from the deprivation of meals due to his refusal to submit to blood glucose level testing. As a civil detainee, Plaintiff is entitled to treatment more considerate than that afforded pretrial detainees or convicted criminals. *Jones v. Blanas*, 393 F.3d 918, 931-32 (9th Cir. 2004). His right to constitutionally adequate conditions of confinement is protected by the substantive component of the Due Process Clause. *Youngberg v. Romeo*, 457 U.S. 307, 315 (1982). However, civil detainees are not free persons with "full civil rights," *Seaton v. Mayberg*, 610 F.3d 530, 535 (9th Cir. 2010), and it is well-established that effective institutional management is a legitimate, non-punitive governmental interest, *Jones*, 393 F.3d at 932. The Eighth Amendment provides "a minimum standard of care" for determining the rights of pretrial detainees. *Or. Advocacy Ctr. v. Mink*, 322 F.3d 1101, 1120 (9th Cir.2003), quoting *City of Revere*

*v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983).  Thus, a civil detainee's allegations that state a claim under the Eighth Amendment also state a claim under the Due Process Clause.

"Food is one of life's basic necessities," and the government is obligated to provide those in its custody "with adequate sustenance on a daily basis." *Foster v. Runnels*, 554 F.3d 807, 812-14 (9th Cir. 2009) (denial of 16 meals in 23 days is a sufficiently serious deprivation within the meaning of the Eighth Amendment); *see also Jones*, 393 F.3d at 931-32 (civil detainees entitled to more considerate treatment than convicted criminals).  Adequate food is a basic human need protected by the Eighth Amendment.  *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. `1982), (abrogated on other grounds by *Sandin v. O'Connor,* 515 U.S. 472 (1995)).  While prison food need not be "tasty or aesthetically pleasing," it must be "adequate to maintain health." *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993).

Plaintiff alleges that, because he declined to submit to glucose testing, he was completely denied meals from the evening meal of March 5, 2015, until the breakfast meal of March 11, 2015.  This amounts to a cognizable claim under the Due Process Clause and the Eighth Amendment against Defendants DeLeon, Perez, and Does 1-10 who acknowledged problems with the policy, but refused to provide Plaintiff meals when he declined to submit to glucose testing; and against Defendant Young for implementing the policy and failing to ensure that staff no longer followed it once he realized it violated detainees' rights.  *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff, however, fails to link Defendants King and Price to any of his factual allegations.  Plaintiff appears to have intended to pursue these two Defendants because of their supervisory positions.  However, he fails to state any allegations to show that they either personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of *respondeat superior*.  *Iqbal*, 556

1 U.S. at 677.  Thus, Plaintiff fails to state a cognizable claim against Defendants King and Price.

2 Further, although Plaintiff also refers to the Equal Protection Clause, he fails to state allegations to show either that he was a member of a protected class, *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013); *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013), or that he was intentionally treated differently than similarly situated individuals without a rational relationship to a legitimate state purpose, *Engquist v. Oregon Department of Agriculture*, 553 U.S. 591, 601-02 (2008); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *San Antonio School District v. Rodriguez*, 411 U.S. 1 (1972).  Plaintiff also fails to state any allegations upon which to infer discriminatory intent by any of the named Defendants.  *See Washington v. Davis*, 426 U.S. 229, 239-240 (1976); *Serrano*, 345 F.3d at 1081-82; *Freeman v. Arpio*, 125 F.3d 732, 737 (9th Cir. 1997).  Thus, Plaintiff fails to state a cognizable claim under the Equal Protection Clause.

### C. Declaratory Relief

In addition to damages and injunctive relief, Plaintiff seeks declaratory relief.  Because Plaintiff's claims for damages necessarily entail a determination whether his rights were violated, his separate request for declaratory relief is subsumed by those claims.  *Rhodes v. Robinson*, 408 F.3d 559, 565-66 n.8 (9th Cir. 2004).  Therefore, the declaratory relief claim shall be dismissed.

### **ORDER**

Plaintiff's allegation that he was deprived of food because he declined to submit to blood glucose testing supports a cognizable claim under the Due Process Clause and for violation of the Eighth Amendment against Defendants Young, Perez, and De Leon.  Plaintiff, however, fails to link Defendants King and Price to any of his factual allegations, and his Equal Protection claim is not cognizable against any of the named Defendants.

Accordingly, it is HEREBY ORDERED that:

1. This action shall proceed on the First Amended Complaint on Plaintiff's claims under the Due Process Clause and the Eighth Amendment against Defendants Young, Perez, and De Leon; and

//

    2.    Defendants King and Price and all claims under the Equal Protection Clause are dismissed with prejudice.

IT IS SO ORDERED.

Dated:   **December 13, 2016**          /s/ *Sheila K. Oberto*
                                                  UNITED STATES MAGISTRATE JUDGE