# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KING, et al.,<br><br>　　　　Defendants. | No. 1:15-cv-00543-SKO (PC)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT SUBSTITUTING DEFENDANT "KENNETH UNDERWOOD" IN PLACE OF "JOHN DOE"**<br><br>**(Docs. 21, 22)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

## INTRODUCTION

Plaintiff, Corey Williams, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On September 14, 2017, Plaintiff filed a motion seeking leave to file an amended complaint substituting "Kenneth Underwood" as the true name of a defendant previously identified as "John Doe." (Doc. 21.) Nearly a month has passed and Defendants De Leon, Perez, or Young, all of whom have appeared in this action, have not filed an opposition or a statement of non-opposition. Plaintiff's motion is deemed submitted. Local Rule 230(*l*).

## DISCUSSION

**A.　Substitution of True Name in Place of "John Doe"**

Under Rule 15(a), a plaintiff may amend his complaint once "as a matter of course," and without leave of court, before a response has been filed. Fed.R.Civ.P. 15(a)(1); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.1995). However, a party can only amend the pleading with

1

the opposing party's written consent or the court's leave once a responsive pleading has been filed. Fed.R.Civ.P. 15(a) (2). Here, Defendants filed a responsive pleading to Plaintiff's First Amended Complaint (FAC) so leave of the court is required. However, Defendants did not oppose the motion, despite lapse of more than the requisite time to do so.

Fed. R. Civ. Proc. 15(a) provides that a court "should freely give leave [to amend] when justice so requires." The United States Supreme Court has stated:

> In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be freely given.

*Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227 (1962). This policy is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th 2003) (citations omitted). The Ninth Circuit has summarized these factors to include the following: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and (4) futility of amendment. *Loehr v. Ventura County Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir.1984). Moreover, section 474 of the California Civil Procedure Code provides the standards for a plaintiff to allege that an individual is unknown and name that person as a Doe defendant in a pleading. A plaintiff must discover the identity of the Doe defendant and amend the complaint within three years of commencement of the action. Cal. Civ. Pro.Code § 474.

The Court has examined all of the factors listed above. Plaintiff's timely request to substitute the true name for a previously unknown Doe defendant appears reasonable and there is no evidence that the amendment will cause undue delay or prejudice to any defendants who have already appeared in this action. Similarly, there is nothing to suggest that the amendment is made in bad faith as it is apparently based on information recently revealed in discovery. Accordingly, permitting the substitution of "Kenneth Underwood" in place and instead of Defendant "John Doe" is appropriate.

//

//

2

**B.      The Second Amended Complaint**

      **1.      Screening Requirement and Standard**

The Court is required to screen the Second Amended Complaint since Plaintiff seeks relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

      **2.      Plaintiff's Allegations**

Plaintiff is a civil detainee at Coalinga State Hospital ("CSH") in Coalinga, California. Plaintiff names Psyche Techs Christopher DeLeon, Wendy Perez, and Kenneth Underwood, as well as Senior Psych Tech Ian Young as Defendants in this action. As in the First Amended Complaint, Plaintiff's claims arise from a policy, implemented on March 5, 2015, that required diabetic detainees, such as Plaintiff, to submit to blood glucose level testing before being fed. If a detainee failed to submit to the testing, he was denied the meal that was being served. Plaintiff alleges he was repeatedly denied food when he stated he has the right to refuse medical treatment.

          **a.      Denial of Meals**

Plaintiff's claims arise from the deprivation of meals due to his refusal to submit to blood glucose level testing. As a civil detainee, Plaintiff is entitled to treatment more considerate than that afforded pretrial detainees or convicted criminals. *Jones v. Blanas*, 393 F.3d 918, 931-32 (9th Cir. 2004). Plaintiff's right to constitutionally adequate conditions of confinement is protected by the substantive component of the Due Process Clause. *Youngberg v. Romeo*, 457 U.S. 307, 315 (1982). However, civil detainees are not free persons with "full civil rights," *Seaton v. Mayberg*, 610 F.3d 530, 535 (9th Cir. 2010), and it is well-established that effective institutional management is a legitimate, non-punitive governmental interest, *Jones*, 393 F.3d at 932. The Eighth Amendment provides "a minimum standard of care" for determining the rights

3

of pretrial detainees. *Or. Advocacy Ctr. v. Mink*, 322 F.3d 1101, 1120 (9th Cir.2003), quoting *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983). Thus, a civil detainee's allegations that state a claim under the Eighth Amendment also state a claim under the Due Process Clause.

"Food is one of life's basic necessities," and the government is obligated to provide those in its custody "with adequate sustenance on a daily basis." *Foster v. Runnels*, 554 F.3d 807, 812-14 (9th Cir. 2009) (denial of 16 meals in 23 days is a sufficiently serious deprivation within the meaning of the Eighth Amendment); *see also Jones*, 393 F.3d at 931-32 (civil detainees entitled to more considerate treatment than convicted criminals). Adequate food is a basic human need protected by the Eighth Amendment. *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982), (abrogated on other grounds by *Sandin v. O'Connor,* 515 U.S. 472 (1995)). While prison food need not be "tasty or aesthetically pleasing," it must be "adequate to maintain health." *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993).

Plaintiff alleges that, because he declined to submit to glucose testing, he was completely denied meals from the evening meal of March 5, 2015, until the breakfast meal of March 11, 2015. This amounts to a cognizable claim under the Due Process Clause and the Eighth Amendment against Defendants DeLeon, Perez, and Underwood who acknowledged problems with the policy, but refused to provide Plaintiff meals when he declined to submit to glucose testing; and against Defendant Young for implementing the policy and failing to ensure that staff no longer followed it once he realized it violated detainees' rights. *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Thus, Plaintiff states cognizable claims in the Second Amended Complaint against Defendants DeLeon, Perez, Underwood, and Young -- upon which he may proceed. These claims are indistinguishable from the claims on which Plaintiff was proceeding in the First Amended Complaint. Thus, Defendants DeLeon, Perez, and Young may choose to file an amended Answer, or to stand on the Answer previously filed.

/ /

/ /

4

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to file a second amended complaint, filed on September 14, 2107, (Doc. 21) is **GRANTED**;
2. The Clerk's Office is directed to file Plaintiff's Second Amended Complaint, (Doc. 22), to add "Kenneth Underwood" as a Defendant on the docket of this action, and to change the name of this case to "*Williams v. DeLeon, et al.*" on the docket of this case and for all further purposes;
3. **Within twenty-one (21) days** of the date of service of this order, Defendants DeLeon, Perez, and Young SHALL file either an answer to the Second Amended Complaint, or a statement that they have chosen to stand on their previously filed Answer (Doc. 16);
4. The Court requests that defense counsel contact the California Department of Corrections and Rehabilitation to ascertain whether execution of a waiver of service of summons on behalf of Defendant Underwood is authorized; and
5. **Within twenty-one (21) days** of the date of service of this order, defense counsel shall file either an executed waiver of service of summons[1] on behalf of Defendant Underwood, or a statement that authorization was declined.

IT IS SO ORDERED.

Dated: **October 19, 2017**              /s/ *Sheila K. Oberto*
                                                              UNITED STATES MAGISTRATE JUDGE

---

[1] If an executed waiver of service of summons is filed, Defendant Underwood will have sixty days after its filing to file an answer or a motion responding to the Second Amended Complaint. *See* Fed. R. Civ. P. 4.

5