# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY WILLIAMS,<br><br>        Plaintiff,<br><br>   v.<br><br>DeLEON, et al.,<br><br>        Defendants. | Case No. 1:15-cv-00543-SKO (PC)<br><br>**ORDER GRANTING DEFENDANTS' REQUEST TO SEAL DOCUMENTS IN ACCORDANCE WITH LOCAL RULE 141**<br><br>**(Doc. 36)** |

    Plaintiff, Corey Williams, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On February 20, 2018, Defendants filed a request to seal documents pursuant to Local Rule 141. (Doc. 36.) For the reasons set forth below, the request is **GRANTED**.[1]

    Generally, documents filed on the docket are presumed to be available to the public. *EEOC v. Erection Co.*, 900 F.2d 168, 170 (9th Cir. 1990); *see also Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir.2006); *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir.2003). Documents may be sealed only when the compelling reasons for doing so outweigh the public's right of access. *EEOC* at 170. In evaluating the request, the Court considers the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Valley Broadcasting Co. v. United States District Court*, 798 F.2d 1289, 1294 (9th Cir. 1986).

/ / /

---

[1] Although the time for Plaintiff to file an opposition has not yet lapsed, he will not be prejudiced by the order granting the request to seal his medical records because it protects his confidential medical records.

1

Here, Defendants seek to file under seal a number of pages of Plaintiff's medical records in support of a motion for summary judgment they intend to file. (Doc. 36.) Defendants have complied with Local Rule 141. (*Id.*) The Health Insurance Portability and Accountability Act of 1996 (HIPAA) requires that medical records and their contents be kept confidential. Likewise, the Ninth Circuit has held that the constitutional right to informational privacy extends to medical information. *Norman-Bloodsaw v. Lawrence Berkeley Lab.*, 135 F.3d 1260, 1269 (9th Cir. 1998) ("The constitutionally protected privacy interest in avoiding disclosure of personal matters clearly encompasses medical information and its confidentiality.") (citing *Doe v. Attorney Gen. of the United States*, 941 F.2d 780, 795 (9th Cir. 1991)).

Accordingly, the Court **ORDERS** that Defendants' request to file documents under seal (Doc. 36) is **GRANTED**. If Plaintiff desires that his medical records in support of Defendants' motion for summary judgment *not* be filed under seal, he can simply file a statement to that effect which will result in the issuance of an order to unseal the documents.

IT IS SO ORDERED.

Dated: **February 22, 2018**    /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE